FILED: 4/30/2021 1:01 PM
Vickie Edgerly, District Clerk
Orange County, Texas
Envelope No. 53026195
Reviewed By: Annette Vaughan

CAUSE NO. D210183-C

| | | |
|---|---|---|
| BENJAMIN GREEN<br>     Plaintiff | §<br>§<br>§ | IN THE DISTRICT COURT OF |
| VS. | §<br>§ | |
| AMGUARD INSURANCE COMPANY<br>     Defendant | §<br>§<br>§ | ORANGE COUNTY, TEXAS<br>260th JUDICIAL DISTRICT |

### PLAINTIFF'S ORIGINAL PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW, Plaintiff, BENJAMIN GREEN (hereinafter sometimes referred to as "Plaintiff"), and files this original petition against Defendants AMGUARD INSURANCE COMPANY ("AMGUARD") (hereinafter sometimes referred to as "Defendant") and for cause of action would show the following:

### I.
### DISCOVERY CONTROL PLAN

Pursuant to TEXAS RULE OF CIVIL PROCEDURE 190, Plaintiff intends to conduct discovery in this case under Level 2 of the Discovery Control Plan. At the time of filing this lawsuit, Plaintiff seeks monetary relief "of $250,000 or less, excluding damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees," in accordance with TRCP paragraph (c) (1) of R. 47. More specifically, Plaintiff has made a demand for $26,500.00. The damages sought are within the jurisdictional limits of this Court. Plaintiff reserves the right to amend this petition, including this provision, as the case continues.

**EXHIBIT C**

1

## II.
## PARTIES & PROPERTY

1. Plaintiff is BENJAMIN GREEN ("Plaintiff"). The property at issue is located at 510 Lost Lake Ln., Vidor, Orange County, Texas 77662 (the "Property"). The insurance policy at issue is number BEHO174476 ("Policy").

2. Defendant, AMGUARD INSURANCE COMPANY ("AMGUARD") is an insurance company engaged in the business of insurance and operating in the State of Texas procuring and adjusting policies in Texas and may be served through its registered agent for service of process in the State of Texas, CT Corporation Systems, 1999 Bryan St., Ste 900, Dallas, Texas 75201-3136.

## III.
## VENUE & JURISDICTION

3. Venue is proper in Orange County, Texas pursuant to Texas Civil Practice and Remedies Code section 15.002(a)(1), because it is the location of the property, and is where a substantial part of the events or omissions giving rise to the claim occurred. Specifically, many of the acts and omissions of Defendants occurred in Orange County, Texas.

4. The Court has subject matter jurisdiction over the controversy because the amount in controversy exceeds the minimum jurisdictional limits of the Court.

5. The Court has personal jurisdiction over AMGUARD because they do business in Texas, and the acts and omissions giving rise to the claims and causes of action asserted herein occurred in Orange County, Texas.

## IV.
## FACTS

6. Plaintiff owns the residence located at 510 Lost Lake Ln., Vidor, Orange County, Texas 77662 (the "Property").

7. Plaintiff was assigned an insurance policy by AMGUARD for the Property.

8. AMGUARD sold Plaintiff the Policy, insuring the Property that is the subject of this lawsuit. Plaintiff suffered significant losses with respect to the Property due to weather events, including strong winds.

9. Plaintiff submitted a claim to AMGUARD for damage to the Property as a result of the weather event. The damage to Plaintiff's Property is extensive.

10. AMGUARD negligently concluded there was no or limited damage to the Property due to weather events.

11. AMGUARD then offered an inadequate amount for repairs to misrepresented damages while negligently and/or deliberately refusing to acknowledge Plaintiff's claims of extra damages; thus, AMGUARD wrongfully refused Plaintiff's claim for repairs to the Property and refused to render the insurance services AMGUARD had purported to provide. AMGUARD refused Plaintiff's claim for repairs even though the Policy provided coverage for losses such as those suffered by Plaintiff as a result of the weather events. Furthermore, AMGUARD has refused to provide full coverage for the damages sustained by the Plaintiff. Additionally, AMGUARD continues to deny and delay payment for damages to the Property as a result of wind and rain damage. As such, Plaintiff has not been paid in full for the damages to the Property.

12. AMGUARD failed to perform its contractual duties to adequately compensate Plaintiff under the terms of the Policy. Specifically, AMGUARD refused to pay the full proceeds of the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged Property and all conditions precedent to recovery upon the

Policy had been carried out and accomplished by Plaintiff. AMGUARD's conduct constitutes a breach of the insurance contract.

13. AMGUARD misrepresented to Plaintiff the true extent of damages and furthermore that other damage to the Property was not covered under the Policy, even though the damage was caused by a covered occurrence. Examples of AMGUARD's wrongful conduct and misrepresentations include:

- AMGUARD's communication was not accurate, under-reported the damages, and misrepresented the scope of coverage;

- AMGUARD's communication contains untrue statements of material fact as to the scope of damages; contains statements that would lead a reasonably prudent person to a false conclusion about a material fact; and evidences AMGUARD's refusal to pay without conducting a reasonable investigation; and

- AMGUARD's communication was false because it misrepresented the condition of the property, the damage reported, and duties of the insurance company to investigate claim. Additionally, it falsely suggests provisions or conditions to the insurance policy which do not exist and/or are not contained therein.

14. The specific, factual allegations of the claims against the AMGUARD are as follows: on November 11, 2020, AMGUARD inspected Plaintiff's Property. AMGUARD performed a cursory, limited inspection and did not spend adequate time necessary to fully document the damages. Instead, AMGUARD acknowledged, recognized and agreed that the Property had suffered storm damage to the entire roof of the home, the ceiling and walls in the dining room, ceiling and walls in the hallway, damage to the ceiling and walls of the kitchen, and damage to the walls and carpet in one closet/bedroom. AMGUARD conveniently did not take photos of the damage and did not conduct a reasonable inspection. AMGUARD did not identify, explain or otherwise address no coverage to the damage to 42 squares of roofing shingles which had been lifted and bent back due to the wind damage. AMGUARD missed, did not document or otherwise explain adequately why the damage to the interior walls and ceilings inside the

home were not covered. AMGUARD missed, did not document or otherwise explain adequately why the damage to the carpet inside the home was not covered. AMGUARD conveniently did not photograph these damages. AMGUARD did not respond to the damage estimate performed by Plaintiff's contractors or the photographs that clearly and obviously document the extensive damages.

15. The estimates provided by the construction contractors demonstrate the scope and nature of the damages present at the Property. However, AMGUARD ignored the estimates, did not respond to them, otherwise explain why the photographs of obvious and apparent wind damage was not caused by the claimed event. Additionally, AMGUARD also failed its duty of reasonable care and diligence by not investigating and documenting the claimed weather event. AMGUARD also failed to investigate the accuracy of Plaintiff's claims by interviewing and/or visiting with collateral sources of information, meaning, the investigations conduct by AMGUARD appears to have been conducted for the purposes of hiding the merits of Plaintiff's claims and hiding evidence of the damage. Why would AMGUARD not take pictures of the damage?? This question answers itself. All reasonable and prudent adjusters document their findings unless they are trying to hide something. Here, AMGUARD was clearly trying to hide something.

16. On or about December 13, 2020, AMGUARD issued a report to Plaintiff that was incomplete, inaccurate and misleading because it ignored the extensive roof damage and damage to the ceilings, walls and carpet of the interior of the home. AMGUARD's report was false and misleading because it did not properly scope the damages to the roof, damage to the ceilings, walls and carpet of the interior of the home. AMGUARD failed to make an attempt to settle

Plaintiff's claims in a fair manner despite being aware of their potential liability to Plaintiff under the Policy.

17.     On or about December 13, 2020, AMGUARD communicated false information to Plaintiff about the items that were damaged and/or not damaged as a result of the identified storm event. AMGUARD failed to adequately explain to Plaintiff the reasons for their offer of an inadequate settlement. Specifically, AMGUARD failed to offer Plaintiff adequate compensation and did so without any explanation why full payment was not being made. Furthermore, AMGUARD failed to provide an explanation as to why he omitted open and obvious damage to the property that was presented to her via photographs. AMGUARD refused to respond to Plaintiff's contractor's damage findings that were documented.

18.     AMGUARD refused to fully compensate Plaintiff, under the terms of the Policy, even though AMGUARD failed to conduct a reasonable investigation. Specifically, AMGUARD performed an outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair and inequitable evaluation of Plaintiff's losses on the Property. AMGUARD's conduct is a violation of the Texas Insurance Code, Unfair Settlement Practices. Tex. Ins. Code §541.060, *et. seq.*

19.     From and after the time Plaintiff's claim was presented to AMGUARD, the liability of AMGUARD to pay the full claim in accordance with the terms of the Policy was reasonably clear. However, AMGUARD has refused to pay Plaintiff in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied on to deny full payment. AMGUARD's conduct constitutes a breach of good faith and fair dealing. AMGUARD's conduct is a violation of the Texas Insurance Code, Unfair Settlement Practices. Tex. Ins. Code §541.060, *et. seq.*

20. AMGUARD knowingly or recklessly made false representations, as described above, of material facts and/or knowingly concealed all or part of material information from Plaintiff.

21. As a result of AMGUARD's wrongful acts and omissions, Plaintiff was forced to retain attorneys who are representing Plaintiff in this cause of action.

22. AMGUARD's refusal to accept liability without justification was unreasonable and unjust. AMGUARD's conduct is a violation of the Texas Insurance Code, Unfair Settlement Practices. Tex. Ins. Code §541.060, *et. al.*

## V.
## CAUSES OF ACTION

### A. DECLARATORY JUDGMENT

23. Paragraphs above are incorporated by reference.

24. A declaratory judgment is appropriate in this case because a justiciable controversy exists as to the rights and status of the parties, and the controversy will be resolved by the declaration sought. TEX. CIV. PRAC. REM. CODE §37.001, *et seq.* AMGUARD and Plaintiff entered into an insurance contract in which AMGUARD agreed to pay for storm damage losses at the Property as described in the contract. Plaintiff seeks a declaration that Plaintiff's storm damage is covered under the terms of the insurance contract with AMGUARD.

### B. PROMPT PAYMENT OF CLAIMS STATUTE

25. Paragraphs above are incorporated by reference.

26. The claim at issue is a claim under an insurance policy with Defendant, AMGUARD, of which Plaintiff gave Defendant AMGUARD proper notice. Defendant is liable for the claims.

7

27. Defendant AMGUARD violated the prompt payment of claims provisions of the Texas Insurance Code, namely, section 542.021 *et. seq.*, by:

    a. Failing to acknowledge or investigate the claim or to request from Plaintiff all items, statements and forms that Defendant reasonably believed would be required within the time constraints provided by Tex. Ins. Code § 542.055;

    b. Failing to notify Plaintiff in writing of its acceptance or rejecting of the claims within the applicable time constraints provided by Tex. Ins. Code § 542.056; and/or

    c. Delaying payment of the claims following Defendant's receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided by Tex. Ins. Code § 542.058.

28. Defendant is therefore liable to Plaintiff for damages. In addition to Plaintiff's claim for damages, Plaintiff is further entitled to interest and attorneys' fees as set forth in section 542.060 of Texas Insurance Code.

## C. UNFAIR SETTLEMENT PRACTICES/BAD FAITH

29. Paragraphs above are incorporated by reference.

30. Defendant was charged with investigating the claims and communicating with the insured about the Policy terms. Insurance adjusters are "persons engaged in the business of insurance" under Tex. Ins. Code 541.001, *et. seq.*, and are individually liable for their individual violations of the Texas Insurance Code. *See Liberty Mut. Ins. Co. v. Garrison Contractors, Inc.*, 966 S.W. 2d 482, 486 (Tex. 1998).

31. Defendant was tasked with the responsibility of conducting a thorough and reasonable investigation of Plaintiff's claims, including discovering covered damages and fully quantifying covered damages to Plaintiff's insured Property.

32. Defendant conducted a substandard, results-oriented inspection of the Property. As such, Defendant failed to discover covered damages and/or fully quantify covered damages to Plaintiff's Property, as the Policy and Texas law require.

33. Further, Defendant misrepresented material facts to Plaintiff, more specifically the true value and existence of Plaintiff's covered losses. Additionally, Defendant failed to provide Plaintiff a reasonable explanation as to why Defendant AMGUARD was not compensating Plaintiff for the covered losses, or the true value thereof. Specifically, Defendant inspected the Property on November 11, 2020; the inspection identified substantial damage to the Property, including but not limited to extensive roof damage, interior ceiling and wall damage to the interior of home in the dining room, hallway, kitchen, and wall and carpet damage to a bedroom/closet. Defendant represented there was coverage for these items and that Plaintiff would be paid for the damaged items. Defendant thereafter refused to pay for the items previously represented as covered items that were damaged.

34. Thus, Defendant engaged in unfair settlement practices by:

   a. Misrepresenting to Plaintiff a material fact or policy provision relating to coverage at issue;

   b. Failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claims with respect to which the insurer's liability had become reasonably clear;

   c. Failing to promptly provide to Plaintiff a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for Defendant AMGUARD's denial of a claim or offer of a compromise settlement of a claim; and/or

   d. Failing to conduct a reasonable investigation of Plaintiff's claims

35. For example, Defendant made the following false statements to Plaintiff:

   a. On or about November 11, 2020, AMGUARD stated that there was damage to Plaintiff's entire roof, damage to the ceiling and walls in the dining room, ceiling and walls in the hallway, damage to the ceiling and walls of the kitchen, and damage to the walls and carpet in one closet/bedroom, and that those items were covered under the policy and had been damaged by a covered cause: wind.

   b. Then, later, on or about December 13, 2020, AMGUARD refused to reimburse Plaintiff for the amount necessary for repairing damages that Defendant had identified; AMGUARD furthermore refused to acknowledge newfound damages that Defendant had negligently or deliberately neglected to include in his November 11, 2020, assessment of the property.

   c. So, Defendant knew the Property was damaged, admitted the damage in writing, refused to acknowledge the true extent of those damages, neglected other damages, and then misrepresented and/or negligently excerpted damages from his property assessment for the purpose of avoiding payment and to avoid rendering the insurance services Defendant had purported to provide.

36. Each of the aforementioned unfair settlement practices was committed knowingly by Defendant and was a producing cause of Plaintiff's damages. Defendant is therefore liable to Plaintiff for engaging in such unfair settlement practices and causing Plaintiff's damages.

**D.  BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING**

37. Defendant breached the common law duty of good faith and fair dealing owed to Plaintiff by denying and/or delaying payment on the claims when Defendant knew or should have known that liability was reasonably clear. Defendant's conduct proximately caused Plaintiff's damages.

**E.  ATTORNEYS' FEES**

38. Plaintiff engaged the undersigned attorney to prosecute this lawsuit against Defendants and agreed to pay reasonable attorneys' fees and expenses through trial and any appeal. Plaintiff are entitled to reasonable and necessary attorneys' fees pursuant to Tex. Civ. Prac. & Rem. Code §§ 38.001-38.003 because he is represented by an attorney, presented the claim to Defendant, and Defendant did not tender the just amount owed before the expiration of the 30th day after the claim was presented. Plaintiff is additionally entitled to reasonable and necessary attorneys' fees pursuant to Tex. Bus. & Com. Code § 17.50(d). and pursuant to sections 541.152 and 542.060 of the Texas Insurance Code.

**VI.**
**NOTICE OF INTENT TO USE DISCOVERY AT TRIAL**

39. Pursuant to Texas Rules of Civil Procedure 193.7, Plaintiff hereby gives notices that Plaintiff intends to use all discovery instruments produced in this case at trial. Such discovery instruments include, but are not limited to, all documents Defendants have or will produce in response to Plaintiff's written discovery requests.

**VII.**
**JURY DEMAND**

Plaintiff demands a jury trial and has tendered the appropriate fee.

## VIII.
## PRAYER

For these reasons, Plaintiff asks that Defendant be cited to appear and answer and that Plaintiff has judgment against Defendant, AMGUARD, for a declaratory judgement, for actual damages, costs, pre- and post-judgment interest, attorneys' fees, and for violations of the Texas Insurance Code, Unfair and Deceptive Trade Practices, Breach of Duty of Good Faith and Fair Dealing, Negligence, and for all other relief to which Plaintiff is justly entitled.

Respectfully submitted,

TOWNSEND LAW FIRM
218 Border Street
Orange, TX 77630
(409) 886-7200 Telephone
(409) 886-7204 Facsimile
townsend@rodneytownsendlaw.com

*Rodney A. Townsend, Jr.*
_____
RODNEY A. TOWNSEND, JR.
STATE BAR NO. 24028070
ATTORNEY FOR PLAINTIFF

**ATTORNEY FOR PLAINTIFF**